(70 Misc. Rep. 6.)

PEOPLE ex rel. McLAUGHLIN v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term, Queens County. December, 1910.)

MANDAMUS (§ 107*)—SUBJECTS OF RELIEF—PAYMENT OF UNAUDITED CLAIM.

Mandamus will not lie to compel payment of a claim against the city of New York, where the claim has not been audited and the charges for the services certified to be just and reasonable, as required by Greater New York Charter (Laws 1901, c. 466) §§ 149–151, notwithstanding proof of lawful employment, performance of the work required, and establishment of the rate of compensation by ordinance.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 225–234; Dec. Dig. § 107.*]

Mandamus by the People, on the relation of John J. McLaughlin, against William A. Prendergast, as Comptroller of the City of New York. Denied.

Kellogg & Rose (L. Laflin Kellogg, of counsel), for relator.

Archibald R. Watson, Corp. Counsel (Francis Martin and John F. Collins, of counsel), for respondent.

STAPLETON, J. The claim upon which this application is founded has not been audited. The charges for the services alleged to have been performed have not been certified to be just and reasonable. These are indispensable requirements, where the remedy by mandamus is invoked. Greater N. Y. Charter (Laws 1901, c. 466) §§ 149, 151. People ex rel. Smith v. Flagg, 17 N. Y. 584, states the law of this state applicable to the situation presented here, and the cases in which writs have been granted are readily distinguishable.

The relator contends that proof of lawful employment, performance of the work he was engaged to do, and fixation of the rate of compensation by ordinance take his case without the general rule, and strip the comptroller of the power of audit and of the power of certification as to the justness and reasonableness of the claim. A careful reading of the provisions of the Greater New York charter governing the construction of sewers, the assessments to be levied for the expense thereof, and the powers of the borough president convinces me of the integrity of the following propositions:

First. The borough president has no duty with relation to assessment for sewer improvement, except to certify a statement of expense, no duty to prepare assessment lists therefor, and had no power to employ relator's assignor. Greater N. Y. Charter, c. 17, title 2, §§ 383 (subd. 9), 386, 389, 397, 400, 401, 421, 428, 433, 434, 436, 444, 445, 446, 447, 448, 449.

Second. The board of assessors is imposed with the duty and invested with the power to make the assessment, afforded the facilities with which to do it, and pointed to the sources from which to secure the data. Greater N. Y. Charter, c. 17, tit. 2.

Conceding what seems to have been assumed in People ex rel. Crane v. Ahearn, 125 App. Div. 795, 110 N. Y. Supp. 306, that the ordinances relating to city surveyors and fixing the compensation of surveyors for specified work were a valid exercise of aldermanic power, those ordinances do not contemplate the fixation of compensation for the particular kind of work alleged to have been done by the relator's assignor. The phrase "or other improvements" in section 277 of the amended ordinances must be interpreted to apply only to such improvements for which the borough president is authorized to furnish assessment lists and maps, as provided, for instance, by sections 448 and 979 of the Greater New York charter.

As this controversy may be presented for judicial disposition in an action at law, I have decided to deny the application, because the claim is subject to audit, even if the employment were valid, or the fruit of the service lawfully accepted, without discussion of the other interesting questions presented upon the argument.

Motion denied.